```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                 Civil No. 08-776(DSD/SRN)
```

Benedict F. Frank, Sr.,

      Plaintiff,

v.                                     **ORDER**

Global Payment Check Recovery
d/b/a Checkrite Services,

      Defendant.

      Thomas J. Lyons, Jr., Esq., Trista M. Roy, Esq. and Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

      Michael A. Sexton, Esq., Brannon J. Arnold, Esq.; Weinberg, Wheeler, Hudgins, Gunn & Dial, 950 East Paces Ferry Road, Suite 3000, Atlanta, GA 30326 and David A. Engen, Esq., Engen Law Firm, 1500 West County Road 42, Suite 160, Burnsville, MN 55337, counsel for defendant.

      This matter is before the court on plaintiff's motion for summary judgment and defendant's motion to withdraw and amend responses to plaintiff's first request for admissions. After a review of the file, record and proceedings herein, and for the following reasons, the court grants plaintiff's motion.

**BACKGROUND**

      This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. On April 22, 2003, the son of plaintiff Benedict F. Frank, Sr. ("Frank") incurred a debt to Speedway SuperAmerica due to a bad check. (Frank Dep. 227.) The debt was

transferred to defendant Global Payment Check Recovery ("Global"), doing business as Checkrite Services, for collection. In December 2003, Frank paid the debt in full on his son's behalf. (Gardeck Dep. 33.) Global sent a confirmation letter to Frank on December 19, 2003, noting its receipt of the payment. (Frank. Dep. 225, 227.) Frank's credit report, however, continued to reflect Global account number 5580**** as unpaid. (Gardeck Dep. 74-75.)

On October 5, 2007, Frank sent a letter to CSC Credit Services, Inc. ("CSC"), stating that he had paid Global account number 5580**** in full and requesting that the account balance reflect his payment. (Frank Dep. Ex. 7.) On October 22 and 23, 2007, CSC sent automated consumer dispute verifications ("ACDVs") to Global, advising it that Frank disputed the balance on his account. (Lyons Aff. [Doc. No. 106] Ex. E at 629, 633.) According to Global, it never received the ACDVs.[1] On November 15 and 16, 2007, CSC reported its investigation results to Frank. (Gardeck Dep. Exs. 15 & 16.)

On July 8, 2008, Frank filed an amended two-count complaint against Global, CSC, Bank of America, Chase Bank USA, General Electric Capital Corp., Trans Union LLC, and Experian Information

---

[1] According to Frank, Global received the ACDVs and responded on October 23 and 24, 2007, stating that it had verified Frank's debt as unpaid. (Lyons Aff. [Doc. No. 106] Ex. E at 631, 635.)

Solutions, Inc.,[2] alleging violations of the FCRA.  Frank served his first request for admissions, production of documents and interrogatories on Global on August 12, 2008.  (Lyons Aff. [Doc. No. 106] Ex. A.)  Frank's request for admissions included the following:

    1.    Admit that Plaintiff paid in full on Global/Checkrite account #5580****.

    2.    Admit that Plaintiff paid in full on Global/Checkrite account #5580**** on or about December 19, 2003.

    3.    Admit that Global/Checkrite acknowledged in writing on or about December 19, 2003, that Plaintiff paid in full on Global/Checkrite account #5580****.

    4.    Admit that Global/Checkrite communicated to Defendant credit reporting agencies that Plaintiff was delinquent on an unpaid Global/Checkrite account #5580****.

    5.    Admit that Global/Checkrite communicated to Trans Union LLC from 12/2003 to 1/2008 that Plaintiff was delinquent on an unpaid Global/Checkrite account #5580****.

    6.    Admit that Global/Checkrite communicated to Experian Information Solutions, Inc. from 12/2003 to 1/2008 that Plaintiff was delinquent on an unpaid Global/CheckRite account #5580****.

    7.    Admit that Global/Checkrite communicated to CSC/Equifax from 12/2003 to 1/2008 that Plaintiff was delinquent on an unpaid Global/CheckRite account #5580****.

    8.    Admit that on or about October 5, 2007, Plaintiff communicated a § 1681i dispute to the defendant credit reporting agencies disputing the inaccuracy of Global/Checkrite communicating that Plaintiff

---

[2] Global is the only remaining defendant in this case.

        was delinquent on an unpaid Global/CheckRite account #5580****.

9.     Admit that the Defendant credit reporting agencies forwarded Plaintiff's § 1681i dispute regarding the inaccuracy of Global/Checkrite communicating that Plaintiff was delinquent on an unpaid Global/CheckRite account #5580**** to Global/Checkrite.

10.    Admit that Global/Checkrite failed to conduct a reasonable investigation of Plaintiff's October 2007 dispute regarding an unpaid Global Checkrite account #5580****.

11.    Admit that Global/Checkrite continued to report this Global/Checkrite account #5580**** as unpaid until January 2008 to Defendant CSC/Equifax.

(Id.)

On January 8, 2009, Frank advised Global that its responses to his discovery requests were past due and that the requests for admission were deemed admitted pursuant to Federal Rule of Civil Procedure 36. (Lyons Aff. [Doc. No. 127-1] Ex. C.) Global responded on June 18, 2009, and denied admissions numbers four to eleven.[3] (Lyons Aff. [Doc. No. 106] Ex. B.) On July 7, 2009, Frank moved for summary judgment as to Global's liability. Global moved to withdraw and amend its responses to Frank's first request for admissions on July 15, 2009. The court now considers both motions.

---

[3] Global has not responded to Frank's first request for production of documents and interrogatories.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## II. The FCRA

Congress enacted the FCRA in 1970 to "ensure fair and accurate credit reporting, promote efficiency in the banking system and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quotation and citation omitted). Pursuant to the FCRA, when preparing a consumer credit report, a credit reporting agency ("CRA") must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer disputes the information contained in a CRA's report, the CRA must "reinvestigate and confirm ... the disputed information." Reed v. Experian Info. Solutions, Inc., 321 F. Supp. 2d 1109, 1113 (D. Minn. 2004) (citing 15 U.S.C. § 1681i(a)(1)(A)). The CRA does so by "notify[ing] the furnisher of the disputed information of the substance of the dispute and provid[ing] it with all relevant information received from the consumer." Id. (citing 15 U.S.C. § 1681i(a)(2)(A)-(B)). Pursuant to section 1681s-2(b), the furnisher of information must then:

> (A) conduct an investigation with respect to the disputed information, (B) review all relevant information provided by the CRA ... (C) report the results of the investigation to the CRA, and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other CRAs to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

6

Zotta v. NationsCredit Fin. Servs. Corp., 297 F. Supp. 2d 1196, 1203 (E.D. Mo. 2003) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(D)). Specifically, the furnisher of information must "conduct a reasonable investigation of [its] records to determine whether the disputed information can be verified." Schaffhausen v. Bank of Am., N.A., 393 F. Supp. 2d 853, 858 (D. Minn. 2005) (alteration in original) (citation omitted). Such an investigation necessitates "some degree of careful inquiry by creditors." Id.

To establish that Global violated section 1681s-2, Frank must demonstrate that Global failed to comply with the provisions of the act and must "present evidence of harm and causation, or willfulness entitling him to statutory or punitive damages." Id. (citing Reed, 321 F. Supp. 2d at 1114); Gordon v. Greenpoint Credit, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003) ("[A] consumer can maintain a private cause of action against a furnisher of information for willful or negligent noncompliance with § 1681s-2(b).").

**III. Global's Liability**

Frank argues that summary judgment is warranted because Global has admitted that it willfully failed to conduct a reasonable investigation of his dispute after receiving notification from CSC.[4] It is undisputed that Global did not submit its responses to

---

[4] It is undisputed that for the purposes of the FCRA, Global furnished information regarding Frank's credit history to CSC, a

7

Frank's first request for admissions within the thirty-day time limit set forth in Rule 36. Each matter contained in a request for admission is admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). Therefore, Global has admitted the matters contained in Frank's first request for admissions. See id. at 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

Global, however, has moved to withdraw and amend its admissions. (Doc. No. 108.) The court may grant Global's motion if doing so "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); Bender v. Xcel Energy, Inc., 507 F.3d 1161, 1168 (8th Cir. 2007).

Global argues that allowing its admissions to stand would not promote the presentation of the merits of this action because its admissions are erroneous.[5] Specifically, Global argues that it

---

[4](...continued)
CRA.

[5] The court does not consider Global's reply memorandum (Doc. No. 129) to Frank's memorandum in opposition to Global's motion to withdraw and amend its responses. See D. Minn. LR 7.1(a) (reply
(continued...)

never received notice of Frank's dispute from CSC. The record, however, conclusively shows that CSC twice forwarded ACDVs concerning Frank's dispute to Global and that Global responded both times. (Lyons Aff. [Doc. No. 106] Ex. E at 629, 631, 633, 635; Fogleman Dep. 7, 9-14, 17-20, 23.) Global has identified no other erroneous admissions. Therefore, the court determines that Global has not shown that withdrawal or amendment of its admissions would promote the presentation of the merits of this action.

Because Global cannot satisfy the first prong, the court need not consider whether Frank would be prejudiced by withdrawal or amendment of Global's admissions. The court notes, however, that Global's significant delay in responding to Frank's first request for admissions threatens the two "vital purposes" of Rule 36: "to facilitate proof with respect to issues that cannot be eliminated from the case, and ... to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note. The court will not tolerate Global's dilatory practices. See Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313 (8th Cir. 1983) (deeming matters admitted under Rule 36 is an appropriate sanction in certain cases). Accordingly, the court denies Global's motion to withdraw and amend responses to Frank's first request for admissions.

---

[5](...continued)
memorandum not permitted in connection with non-dispositive motions). Accordingly, the court grants Frank's motion to strike.

As a result, Global has admitted that CSC forwarded Frank's § 1681i dispute regarding account number 5580**** to Global and that Global willfully "failed to conduct a reasonable investigation" of Frank's dispute. (Lyons Aff. [Doc. No. 106] Ex. A.) Furthermore, Global has admitted that it continued to report that Frank's account was unpaid to CSC until January 2008. (Id.) Therefore, the court concludes that Global failed to comply with section 1681s-2 and summary judgment is warranted.

**CONCLUSION**

Based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Doc. No. 103] is granted;

2. Plaintiff's motion to strike defendant's reply memorandum [Doc. No. 133] is granted;

3. Defendant's motion to withdraw and amend responses to plaintiff's first request for admissions [Doc. No. 108] is denied.

Dated: November 12, 2009

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court